IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TYRONE HENRY,<br><br>   Petitioner,<br><br>vs.<br><br>DON STILES, et al.,<br><br>   Respondents. | No. CV 05-527-TUC-CKJ<br><br>**ORDER** |

  Pending before the Court is Petitioner's Motion for Disqualification and Motion to Reassign. Petitioner requests this Court be disqualified, recuse itself, or the case be reassigned because the Court did not disclose any prior contact or relationship with the trial judge, the prosecutors, and/or the prosecutors' supervisor in Petitioner's case. Petitioner further asserts that the failure to disclose the contact or relationships result in an appearance of impropriety.

  The Court finds that Petitioner's requests are not appropriate. Recusal is appropriate under the circumstances set forth in 28 U.S.C. 455 or "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. 28 U.S.C. § 455 requires that a judge recuse herself in any proceeding in which her impartiality might reasonably be questioned. A recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that a judge's impartiality might reasonable be questioned. *Yagman v. Republic*

*Ins.*, 987 F.2d 622 (9th Cir. 1993); *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.1997) (the standard for disqualification is the same under both 28 U.S.C. §§ 144 and 455). Moreover, just as the Court has a duty to recuse itself when appropriate, the Court has a duty not to recuse itself if it is not appropriate. *United States v. Burger*, 964 F.2d 1065 (10th Cir. 1992).

"The judge against whom such an affidavit is filed cannot pass on the truth or falsity of the facts as stated in the affidavit." *United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976), *citing Berger v. United States*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921). However, that judge "is entitled to pass upon the legal sufficiency of the affidavit." *Id.*; *but see Bernard v. Coyne*, 31 F.3d 842, 843 n. 3 (9th Cir. 1994); *United States v. Haldeman*, 559 F.2d 31, 131 (D.C.Cir. 1976) (permissive to submit motions invoking 28 U.S.C. § 144 to fellow judges for decision).

The Court accepts the allegations contained within the Motion and the accompanying affidavit as true for purposes of this motion. A judge is not required to recuse herself merely because she was formerly employed by the prosecutor's office. *See e.g., United States v. Silver*, 245 F.3d 1075 (9th Cir. 2001); *United States v. Thompson*, 76 F.3d 442 (2nd Cir. 1996). Petitioner has made no allegation that this Court was involved in the investigation or prosecution of this matter while she was employed by the Pima County Attorney's Office. Moreover, Petitioner has made no allegation this Court presided over any hearing in the prosecution of this matter.

Petitioner appears to be implying that merely being a former colleague of either a prosecutor or other judge requires recusal or a waiver from the parties. Petitioner has provided no authority for this position. Indeed, 28 U.S.C. § 455(b)(3) sets forth when a judge who has served in governmental employment must recuse herself. Such circumstances are not present in this case. To find that there is an appearance of impropriety under 28 U.S.C. § 455(a) where the circumstances of 28 U.S.C. § 455(b)(3) are not present would lead to inconsistent applications of the two sections. *United States v. Champlin*, 2005 WL 2155142 (D.Haw. 2005). The Court finds that any former relationships with the prosecutor's

1 office or the trial court does not affect the Court's ability to be impartial.  Further, the Court
2 is unaware of and has not learned of any basis to recuse itself.  *United States v. Morrison*,
3 153 F.3d  34 (2nd Cir. 1998) (court could confirm there was no basis to recuse herself).

4       The Court must also consider not only "the reality of bias or prejudice but its
5 appearance."  *Liteky v. United States*, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474
6 (1994).  The test is "whether a reasonable person with knowledge of all the facts would
7 conclude that the judge's impartiality might reasonably be questioned."  *United States v.*
8 *Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000), *citations omitted*.  The Court notes that she did
9 not directly work with or supervise Kathleen Mayer or Judge Cruikshank during her
10 employment at the Pima County Attorney's Office.  Indeed the Court does not even recall
11 meeting either Ms. Mayer or Judge Cruikshank while she was employed at the Pima County
12 Attorney's Office[1].  Further, the Court notes that her contact with Judge Cruikshank during
13 their concurrent service on the Pima County bench was limited to bench meetings, the
14 occasional professional functions, and casual meetings (e.g., greetings in the hallway).  The
15 Court has no memory of this case ever being discussed with Judge Cruikshank.  The Court
16 finds that a reasonable person with knowledge of all the facts  would not conclude that this
17 Court's impartiality might reasonably be questioned.

18       There being no basis for disqualification or recusal, the Court's failure to inform the
19 parties of her past professional experience does not warrant recusal.  The grounds set forth
20 in the Motion for Disqualification/Motion to Reassign and the accompanying affidavit failing
21 to be legally sufficient to warrant disqualification, it does not become the duty of this Court
22 to "proceed no further" in this case.  *Toth v. Trans World Airlines, Inc.* 862 F.2d 1381, 1388
23 (9th Cir. 1988), *citing  United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir.1978), *cert.*
24 *denied*, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979).

25       Accordingly, IT IS ORDERED the Motion for Disqualification and Motion for

---

[1]The Court left the Pima County Attorney's Office in early 1986.  The Court believes it is most likely that she left that office prior to either Ms. Mayer's or Judge Cruikshank's employment there.

1  Reassignment is DENIED.

3  DATED this 2nd day of November, 2005.

Cindy K. Jorgenson
United States District Judge